FILED
CLERK OF COURT

2025 JUN 18 PM 3: 20

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TOMMY ARCEO,<br><br>               Employee-Petitioner,<br><br>      vs.<br><br>THE GUAM CIVIL SERVICE<br>COMMISSION,<br><br>               Respondent,<br><br>DEPARTMENT OF PUBLIC WORKS,<br><br>         Management-Real Party in Interest. | SPECIAL PROCEEDINGS NO. SP0145-24<br><br><br><br>**DECISION AND ORDER**<br>*Re: Petitioner for Judicial Review* |

This matter came before the Honorable Arthur R. Barcinas on March 7, 2025, for a hearing on Tommy Arceo's ("Petitioner") Petition for Judicial Review, filed on January 21, 2025. Petitioner was represented by Attorney Joshua Walsh. Respondent, the Guam Civil Service Commission ("CSC"), was represented by Attorney Katherine Nepton. Management-Real Party in Interest, Department of Public Works ("DPW") was representeed by Deputy Chief Attorney General Joseph Guthrie. Upon review, the Court **REMANDS** this matter back to the CSC for further proceedings consistent with this Decision and Order.

## BACKGROUND

In response to the COVID-19 pandemic of 2020, the Governor of Guam issued a series of executive orders declaring a public health emergency and ordering closure of all non-essential government offices, but still requiring essential employees to report to duty. DPW was

closed to the public, but Petitioner was required to work as an essential employee providing bus transport services. After not being paid double pay for providing essential services pursuant to Department of Administration ("DOA") Personnel Rule 8.406(C)(2), Petitioner filed a grievance with DPW and received no response. Petitioner then appealed to the CSC, which held hearings on August 22 and 27, 2024. On September 26, 2024, the CSC issued its Decision & Judgment ("CSC Judgment"), determining that Petitioner did perform essential work during the emergency but concluding that, without citation to any proper authority, Petitioner was not entitled to double pay for said work. The CSC then ruled that Petitioner had failed to meet his burden of proof and dismissed Petitioner's appeal with prejudice.

On October 25, 2024, Petitioner filed a Verified Petition for Judicial Review ("Petition"), seeking review of the CSC Judgment. Petitioner asserts that he is pursuing this action as a class action on behalf of similarly situated employees denied double pay or overtime for work performed during the COVID-19 pandemic lockdown. Petitioner alleges that he and other similarly situated employees were required to work during the lockdown while their agencies were closed to the public, and that they are entitled to double pay or compensatory leave credits pursuant to DOA Personnel Rule 8.406(C)(2). Petitioner asserts that DPW failed to compensate him as required and that the CSC subsequently erred in concluding that Petitioner failed to meet his burden of proof.

On November 21, 2024, the Court issued an Order granting the Petition, requiring the parties to file the complete administrative record within forty-five (45) days of the Order, and setting a briefing schedule for the matter.

On January 21, 2025, Petitioner filed his Opening Brief, arguing that the CSC had erroneously failed to properly apply DOA Rule 8.406, and that the CSC Judgment lacked legal

reasoning or findings on whether the DPW facility was closed, whether other employees were on excused leave, or whether Petitioner was required to provide essential services. Petitioner asserts that the record supports his entitlement to double pay, and notes that other Guam agencies like the Guam Power Authority and the Guam Water Authority granted double pay to their essential workers, an inconsistent treatment of workers which Petitioner alleges violates principles of equal protection and due process. Petitioner further asserts that DPW also failed to pay overtime pursuant to DOA Personnel Rule 7.404 for overtime work that he performed during the pandemic.

On January 31, 2025, the CSC filed a Notice of No Position, and a Respondent's Brief in which it stated that it would continue to take no position on this matter.

At the hearing on March 7, 2025, Attorney Guthrie stated that, in lieu of DPW's brief, he would submit previous Attorney General Leevin T. Camacho's legal opinion on whether 8.406 required the government to pay its essential employees double pay during the public health emergency ("Legal Opinion"). On the same day, Attorney Guthrie filed the Submission of Legal Opinion. In the Legal Opinion, former AG Camacho opined that the pandemic created an unprecedented situation where, while agencies were closed to the public, some employees were kept in regular work status and were not formally on excused leave or administrative leave, technically rendering them ineligible for double pay under DOA Personnel Rule 8.406(C)(2). Based on this, AG Camacho reasoned that the determination of an employee's eligibility would have to turn on the particular circumstances regarding the operational status of each agency and the work status of the affected employee or employees.

On March 7, 2025, the Court also took the matter under advisement.

## DISCUSSION

DOA Personnel Rule 8.406(C)(2) dictates:

> C. When the Governor declares a State of Emergency, the appointing authority shall determine whether affected facilities or portions thereof, which are located in the area covered by the Executive Order or proclamation, are to be closed.
>
> > 1. Except for those employees determined by the appointing authority to be necessary for providing essential services, employees shall be released from duty without pay, without charge to leave, for the period the facility is closed.
> >
> > 2. Those employees, required to remain on duty to provide essential services, **shall be paid at double the regular rate, or granted compensatory leave credits for the hours worked during the period the facility is closed and the other employees are on excused leave.**

(emphasis added).

The rule thus sets four criteria that must be met for an employee to receive double pay or compensatory leave: (1) The Governor must declare a State of Emergency; (2) The employee is required to remain on duty to provide essential services; (3) The facility must be closed; and (4) other employees must be on excused leave.

As the Legal Opinion correctly notes, agencies deemed "operational but closed to the public" fall into a gray area where double pay may or may not apply depending on whether the above criteria have all been met. This requires a finding of fact to determine.

However, in making its decision, the CSC appears to have failed to account for this in its analysis. It did not make any factual findings as to whether DPW's facilities were "closed" within the meaning of Rule 8.406; it did not make any factual findings as to whether other employees were on excused leave or some equivalent; and it did not appear to conduct any

actual analysis as to whether Petitioner was entitled to relief under Rule 8.406. Instead, it seems to have summarily dismissed the appeal with a conclusory finding that Petitioner had not met his burden of proof, and a vague statement that "[t]he Commissioners deliberated and determined that the Employee was not entitled to double pay at the regular rate with regard to the Department of Administration's, Personnel Rules and Regulations, 8.406." CSC Judgment, at 2-3. (Sept. 26, 2024). This constitutes legal error. Guam law requires that any decision issued by an agency must contain "findings of fact, a determination of the issues presented and the penalty, if any." 5 GCA § 9232. Without findings of fact to support its conclusion, the CSC Judgment is not valid, and the lack of actual findings of fact deprives the Court of the ability to conduct meaningful judicial review of the CSC Judgment.

Because the CSC failed to make the necessary factual findings, the Court finds that the appropriate remedy is to vacate the CSC Judgment and remand it back to the CSC for proper proceedings under DOA Personnel Rule 8.406(c)(2). In the interim, the Court takes no position at this time on the merits of Petitioner's class certification request or constitutional claims, as those are not ripe for resolution under this judicial review.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the CSC's September 26, 2024 Decision and Judgment in Case No. 23-GRE06 be **VACATED**, and that the matter is **REMANDED** to the CSC for further proceedings under DOA Personnel Rule 8.406(2). The Court further **ORDERS** that:

1. The CSC shall make express findings regarding:

   a. Whether the DPW facility was closed to the public within the meaning of Rule 8.406;

   b. Whether other DPW employees were on excused leave or its equivalent;

   c. Whether Petitioner is entitled to double pay or compensatory leave under Rule 8.406(C)(2).

2. The CSC shall have sixty (60) days from the date of this order to file said findings with the Court.

3. A status hearing on the findings shall be held on **September 18, 2025 at 11:00am**.

4. Any requests for enlargement of time to file must be brought directly by the CSC itself.

Petitioner's requests for attorney's fees, costs, and class certification are **RESERVED** pending further proceedings.

**IT IS SO ORDERED**    JUN 1 8 2025   .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**